

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 2, 2021

**VIA EMAIL**

Carmen A. Hernandez
Attorney at Law
7166 Mink Hollow Road
Highland, MD 20777
chernan7@aol.com

  RE:  *United States v. Travis Haney*, 21-CR-359 (DLF)

Dear Counsel:

  I write to provide you with certain information for the above-referenced case pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

**I.  <u>Charges</u>**

  For the charges pending against your client, we refer you to the Indictment filed through the Electronic Court File system for this case, a copy of which is being provided to you as listed below.

**II.  <u>Discovery</u>**

  **A.  Disclosures**

  As listed below, copies of the following discovery and additional materials have been uploaded to the USA File Exchange ("USAfx" or "Box") in a case folder labeled "Travis Haney (21-CR-359) – Discovery," which you have been provided access to. **All items placed in the USAfx case-folder will be deleted automatically – some in as few as 30 days or less. It is therefore important that you download all discovery as soon as possible.** The discovery uploaded on June 2, 2021 includes the following:

**May 11, 2021 Materials (CCN 21060937)**

1. USMS 11 Report (1 file)
2. Cobalt (22 files)
   a. Images (12 files)
   b. PD 256
   c. Papering Cover Sheet
   d. WALES Report
   e. Gerstein (2 files)
   f. Arrest Packets
   g. Internal Packet
   h. Public Incident Packet
   i. Public Traffic Packet – Involved Persons
   j. Public Traffic Packet – Non-Involved Persons
3. DFS Reports (3 files)
   a. CSS Evidence Log
   b. CSS Scene
   c. Crime Scene Evidence Report
4. DIMS Photos (13 files)
5. November 18, 2015 Judgment & Conviction (2008 CF3 5789)
6. May 12, 2021 Pretrial Services Agency Report
7. D.C. Superior Court Information (DCTN: U21009741)
8. D.C. Superior Court Complaint (DCTN: U21009742)
9. The government disclosed the following BWC materials for CCN 21060937 pursuant to the protective order governing BWC materials in this case [ECF No. 10]:  5 videos; 2 images. The government has provided you with a link to the 7 files via Evidence.com. The link emailed to you by Evidence.com will be valid for 30 days. Please let me know if you do not receive the link from Evidence.com or if you have trouble downloading the files.

**May 19, 2021 Materials (CCN 21065307)**

1. Cobalt (22 files)
   a. Images (12 files)
   b. PD 256
   c. Papering Cover Sheet
   d. WALES Report
   e. Gerstein (2 files)
   f. Arrest Packets
   g. Internal Packet
   h. Public Incident Packet
   i. Public Traffic Packet – Involved Persons
   j. Public Traffic Packet – Non-Involved Persons
2. The government disclosed the following BWC materials for CCN 21065307 pursuant to the protective order governing BWC materials in this case [ECF No. 10]:  7 videos.  The

government has provided you with a link to the 7 files via Evidence.com. The link emailed to you by Evidence.com will be valid for 30 days. Please let me know if you do not receive the link from Evidence.com or if you have trouble downloading the files.

**Additional Materials**

1. Indictment (May 14, 2021)
2. MPD Gun Offender Registry Unit Records (1 file)
3. 2020 CRWSLD 4194 files (1 file)

**B.      Evidence**

**1.      Body Worn Camera Videos**

There are Metropolitan Police Department body worn camera videos and images associated with this case. The government has disclosed these files to you as indicated above, pursuant to the protective order in this case. The government may seek to introduce these videos and images at trial.

**2.      Physical Evidence**

At trial, the government may seek to introduce the physical evidence that is described on the disclosed police reports and those items listed below. This evidence includes:

- Photographs of the scene, evidence, and your client
- Diagrams or maps of the location where the incident occurred
- The firearms and ammunition recovered on scene
- Any of the seized items indicated on the reports that have been provided to you
- Any forensic or biological evidence recovered from the firearms or ammunition

**3.      Radio Run Information**

____   The government believes there are no recorded communications relevant to this case.

__X__   The government believes that there are recorded communications relevant to this case. The recordings will be provided consistent with the government's obligations under the Jencks Act.

**4.      Identification Evidence**

At this time, the government is not aware of any identification procedures utilized during this investigation.

**5.      Inspection**

Upon request, you are entitled to inspect and copy or photograph certain books, papers, documents, photographs, tangible objects, buildings or places that are within the possession,

custody or control of the government. See Fed R. Crim. P. 16(a)(1)(E). If you would like to view any of the evidence listed above or described in the reports provided herewith, please contact me to arrange for the inspection of the evidence. These arrangements will include a condition that you not raise any objection to the admissibility of such evidence at trial because of the break in the chain-of-custody occasioned by your inspection.

### 6.    Reports of Examinations or Tests and Experts

Enclosed with this letter are multiple forensic processing and examination reports. It is anticipated that there will be additional forensic reports forthcoming. Such reports may include, but are not limited to, fingerprint testing, DNA testing, drug analysis, and/or firearms testing. Once any additional reports are completed, we will forward these to you under separate cover.

Please be advised that the government may call a DNA expert to testify at trial. Further details specifying the identities of these experts, the experts' qualifications, and the substance and basis of the expert testimony will be provided under separate cover.

Please be advised that the government may call a fingerprint expert to testify at trial. The expert may testify about the following subjects:  the taking of fingerprints; how fingerprints are left; how fingerprints are lifted; the factors that affect the taking of fingerprints; the difficulties in recovering prints from surfaces such as plastic or guns; the comparison of prints; and the identification of prints if there are sufficient "points" to render a print usable. Due to the volume of cases being presented in court, it is unclear which witness will be available to testify if needed. The government may also call an experienced Mobile Crime or Crime Scene Search evidence technician as an expert. This expert will testify about the methods used to recover or attempt to recover latent fingerprints from pieces of evidence, why recovering latent fingerprints from particular surfaces or items of evidence may be difficult, and the MPD (or other law enforcement) policies, practices, and procedures for recovering and processing latent fingerprints. Such an expert will base his or her testimony on their training and experience in evidence collection. Further details specifying the identity of the expert, the expert's qualifications, and the substance and basis of the expert testimony will be provided under separate cover.

The government may also call a firearms expert to testify regarding the fact that the firearm and ammunition recovered in this case were not manufactured in the District of Columbia, and that this item was shipped or transported interstate or foreign commerce from another state into the District of Columbia. Further details specifying the identity of the expert, the expert's qualifications, and the substance and basis of the expert testimony will be provided under separate cover.

Finally, as evidence is collected and analyzed in this case, further need for expert testimony may be identified by the government; at which time the government will provide details specifying the identity of the expert, the expert's qualifications, and the substance and basis of the expert testimony under separate cover.

**C.      RULE 404(b) and RULE 609 EVIDENCE (known at this time)**

The government may seek to admit evidence pursuant to FRE 404(b) and 609. In the event that the government seeks to introduce such evidence at trial, an appropriate notice or motion will be filed. Please also refer to the Pretrial Services Report for information about your client's criminal record that will likely form the basis for some or all of the evidence to be admitted pursuant to FRE 404(b) and 609.

**D.      Defendant's Rule 16 Statements**

At this time, the government is not aware of any statements made by your client to law enforcement, other than what is noted in the Gerstein affidavit and the MPD body worn camera videos. In the event that the government becomes aware of any such statements, you will be notified in writing.

**E.      Criminal Record**

Please refer to the Pretrial Services Reports from the defendant's arraignment for further information about your client's record. I will notify you in writing if the government learns of any additional convictions which are not included in this report.

**F.      Government's Discovery Requests**

The government hereby makes a reverse discovery request pursuant to Fed. R. Crim. P. 16(b), including but not limited to the following:

1)      notice of documents and tangible objects the defendant expects to introduce;

2)      a Jencks request for all prior statements of any defense witness (excluding the defendant);

3)      a Lewis request (for which we request the name, date of birth, sex, and social security number of each defense witness prior to trial); and

4)      a request for information pertaining to any expert or scientific testimony or evidence.

Pursuant to Fed. R. Crim. P. 16, we note our continuing request to receive any material pursuant to Rule 16(b) as the case proceeds.

**G.      Other Information (Brady / Lewis / Giglio)**

The government is aware of its Brady obligations and its continuing duty to disclose such information should it become known. The government will disclose any Giglio and/or Lewis information for the government's witnesses at the time of trial.

\*     \*     \*

If you have any questions or concerns about the information provided above, please contact me directly at (202) 252-7063 or thomas.strong@usdoj.gov.

Respectfully,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY

By:   _/s/ Thomas G. Strong_
Thomas G. Strong
Assistant United States Attorney