**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| v. | : | **Case No. 21-CR-359 (DLF)** |
| | : | |
| **TRAVIS DELONTE HANEY,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF**
**MOTION TO REVOKE CONDITIONAL RELEASE ORDER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion to revoke the May 21, 2021 Conditional Release Order [ECF No. 12] and to detain the defendant pending trial pursuant to 18 U.S.C. §§ 3142(f)(1)(E) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pretrial detention.

**Introduction**

Travis Haney is a thirty-three year old male who has a serious and violent criminal history. In 2009, Defendant was convicted in D.C. Superior Court of Assault With Intent to Kill While Armed (Pistol) for the 2008 shooting of a civilian in broad daylight, during which he approached and shot the victim nine times in front of a crowd of approximately 10 bystanders (Case No. 2008 CF3 5789). *See* Exhibit A (Government Sentencing Memorandum); Exhibit B (Plea Proffer).[1]

---

[1] The verdict was affirmed on direct appeal, but was subsequently remanded on an ineffective assistance of counsel issue. Rather than try the case again, the defendant entered a plea to the offense of Assault with Intent to Kill (the plea was pursuant to Rule 11).

1

Defendant was on supervision for that violent, armed offense when he was arrested in May of 2016 for the Unlawful Possession of a Firearm (and related charges) (Case No. 2016 CF2 7680). *See* Exhibit C (Gerstein Affidavit for 2016 Arrest). The defendant was convicted of those charges at trial in 2017; however, the D.C. Court of Appeals reversed after determining that the trial court erred in ruling that the defendant had not established a prima facie case of discrimination under *Batson*. That case remains pending; however, a new trial date has not yet been scheduled due to the pandemic. While on supervision in both the 2008 case and the 2016 case, the defendant was again arrested in July 2020 for the Distribution of a Controlled Substance – PCP (Case No. 2020 CF2 6070) and that case is also pending trial in D.C. Superior Court. *See* Exhibit D (Gerstein Affidavit for 2020 Arrest).

The defendant was on pretrial supervision in the two pending Superior Court cases (as well as CSOSA supervision in the 2008 case) at the time of the instant arrest. The instant case was the defendant's third pending case. On September 29, 2020, a bench warrant was issued for the defendant's failure to appear at a pretrial show cause hearing in Case No. 2020 CF2 6070. Defendant was arrested on May 11, 2021, on that outstanding arrest warrant and was in possession of a firearm (that is the charged firearm in this case) at the time of his arrest.

Defendant now finds himself charged by federal Indictment for the possession of another loaded firearm (while on CSOSA supervision for a violent crime and while on pretrial release for the Superior Court cases). Defendant is currently charged by Indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

Only one week after the defendant's conditional release in this case, the defendant was arrested and charged by Information with Assault, in violation of 22 D.C. Code § 404, and

Attempted Possession of a Prohibited Weapon, in violation of 22 D.C. Code §§ 4514(b) and 1803, for allegedly assaulting another person at the location of his home detention for this case. *See* Exhibit E (Gerstein Affidavit for May 28, 2021 Arrest) and Exhibit F (Information). The defendant also allegedly pointed a firearm at the victim during the incident. *See* Exhibit E. The defendant was detained at presentment for that case. As a result, the Pretrial Services Agency for the District of Columbia filed a Pretrial Violation Report in this case on June 2, 2021 [ECF No. 13].

Defendant's previously poor track record on supervision – including (i) a number of re-arrests that have occurred while on supervision, (ii) noncompliance with the terms of his supervision, and (iii) his recent bench warrant history – further compounded by (iv) his recent rearrest only one week after his conditional release in this case – demonstrate his inability to comply with the release conditions previously ordered in this case, or any other release conditions that the Court may impose. Despite being afforded the benefit of community supervision in his Superior Court case, he has not attended court proceedings for his 2020 case and instead armed himself with a loaded firearm. And despite being conditionally released into the High Intensity Supervision Program in this case, the defendant allegedly possessed another firearm and threatened another person with it before physically assaulting the person. For the reasons set forth below, the government submits that Defendant's conditional release should be revoked and Defendant should be held without bond pending trial to ensure the safety of the community and his appearance at future court hearings.

### Procedural History and Applicable Authority

On May 14, 2021, a federal grand jury returned an Indictment charging Defendant Haney with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C.

§ 922(g)(1), for the unlawful possession of a handgun and ammunition on May 11, 2021.[2] An Arrest Warrant was also issued for Defendant, who was arrested on the warrant related to the District Court indictment on May 19, 2021.

On May 21, 2021, Judge Meriweather entered an Order Setting Conditions of Release for the defendant in this case. [ECF No. 12.] The defendant was thereby released on a Personal Recognizance Bond into the High Intensity Supervision Program ("HISP") with home detention utilizing GPS monitoring. The Order specified that the defendant must not "violate federal, state, or local law while on release," "possess a firearm," and other conditions of his release.

On May 28, 2021, the defendant was arrested by the Metropolitan Police Department for threatening another person with a firearm, and then physically assaulting that person, at the same residence as the defendant's home detention in this case. On May 29, 2021, the defendant was charged by Information with Assault, in violation of 22 D.C. Code § 404, and Attempted Possession of a Prohibited Weapon, in violation of 22 D.C. Code §§ 4514(b) and 1803, in D.C. Superior Court Case No. 2021 DVM 583. The defendant was detained at presentment on May 29, 2021, pursuant to 23 D.C. Code § 1322(a)(1)(A). The next status conference in that case is currently scheduled for June 15, 2021.]

The government orally moved to revoke the May 21, 2021 Conditional Release Order and to detain the defendant pending trial pursuant to 18 U.S.C. §§ 3142(f)(1)(E) (involving firearm or other dangerous weapon) of the federal bail statute.

The government contends that the defendant is a danger to the community, as well as a flight risk (due to his non-compliance with supervision and the September 2020 bench warrant

---

[2] The case was originally papered in D.C. Superior Court (Case No. 2021 CF2 2655); however, as he has been indicted in District Court, that case will be dismissed. The defendant was released in Superior Court at his presentment.

issued for Defendant's failure to appear). The government must establish by clear and convincing evidence that a defendant is a danger to the community. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). And the government must establish by preponderance of the evidence that a defendant poses a risk of flight. *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986). In an indicted case at a detention hearing, the government may proffer evidence. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).

There are four factors under Section 3142(g) that the Court should consider and weigh in determining whether to revoke the defendant's conditional release and detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g). In light of the facts and circumstances in this case, the defendant's history and characteristics, and the defendant's rearrest after only one week in HISP for this case, the government asks that the Court conclude that there is no condition or combination of conditions that would assure the safety of the community or the defendant's appearance at future proceedings. Therefore, Defendant Haney should be detained. *See* 18 U.S.C. § 3142(e)(1).

## Nature and Circumstances of the Offenses Charged

On May 11, 2021, at approximately 1:20 pm, members of the U.S. Marshals Service (USMS) were conducting surveillance in the 1300 block of Half Street SW, Washington, D.C., and the surrounding area in an attempt to locate Defendant Haney on an outstanding warrant. Shortly after the Deputy U.S. Marshals arrived in the area, they observed Defendant Haney walking towards First Street SW. The Deputy U.S. Marshals eventually located Defendant Haney in a park at 201 N Street SW. The USMS then approached the defendant, stopped him, and placed

him under arrest on three active warrants. The USMS conducted a pat down and limited search of Defendant at that time, but did not initially identify or recover any weapons or contraband.

The USMS requested additional backup and officers from the Metropolitan Police Department's (MPD) First District for assistance with booking Defendant at the First District. Prior to turning Defendant over to MPD, Defendant began exhibiting nervous behavior. The USMS asked Defended whether he was armed, to which Defendant replied, "I don't have anything on me." MPD then asked the defendant whether he was armed and the defendant did not answer. In a search of the defendant incident to his arrest on the warrant, the USMS and MPD recovered a black Sig Sauer P250, .45 caliber firearm (Serial No. EAK202296), loaded with one round of ammunition in the chamber and six rounds of ammunition in the magazine (with a total capacity of 10 rounds), from inside of Defendant Haney's front waistband. *See* Exhibit G (photograph of firearm).

As set forth above, the first factor, the nature and circumstances of the offense charged, clearly weighs in favor of detention. Here, the defendant was illegally in possession of a loaded firearm, in broad daylight, on a public street and park, in a residential neighborhood. The nature of this offense therefore weighs in favor of detention.

## Weight of the Evidence Against the Defendant

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against the defendant is strong. As set forth above, law enforcement recovered the loaded firearm from Defendant Haney's front waistband when he was being arrested by the USMS on multiple outstanding arrest warrants. Body-Worn Camera footage clearly shows the firearm being removed from the defendant's pants. There is no potential Fourth Amendment challenge or other issue that defendant may argue that would weaken the evidence against him.

Moreover, the firearm was loaded with one round of ammunition in the chamber and an additional six rounds of ammunition in the magazine.

<u>**Defendant Haney's History and Characteristics**</u>

The third factor, the history and characteristics of the person, similarly weigh in favor of detention. Defendant was previously convicted of Assault With Intent to Kill While Armed (Pistol) in D.C. Superior Court, Case No. 2008 CF3 5789[3]. The facts and circumstances of that offense are very concerning:

On March 10, 2008, at approximately 1:00 pm in the afternoon, Defendant approached a 42-year old woman who was standing outside of a corner market in Southwest, Washington, D.C. Defendant walked out of an alley located next to the market, pulled up a ski mask, walked toward the victim, and pulled out a .22 caliber firearm. As the victim tried to get away, Defendant fired his gun, shooting the victim nine times. Defendant walked away, leaving the victim wounded in the middle of the street. Perhaps even more brazen than this daylight shooting, Defendant did this in front of approximately 10 bystanders who were outside in the area.

Even more concerning, evidence in that case established that at least one reason why Defendant targeted the victim was because she had provided information to law enforcement about criminal activity in the area and/or because she had witnessed Defendant's own criminal conduct the night before the shooting. In addition, during an April 7, 2008 hearing in D.C. Superior Court for that case, Defendant made a threatening gun gesture to a detective who was testifying against him and then mouthed threatening words to him.

---

3 Pursuant to an October 19, 2020 Order, (attached as Exhibit H), the November 18, 2015 Judgement and Commitment Order (attached as Exhibit I) was reinstated in place of a subsequent Judgement and Commitment Order entered on June 9, 2017. Although the October 19, 2020 Order refers to the reinstated Judgment and Conviction Order as dated as "November 15, 2018," this is believed to be a typographical error; there was no such order entered in the case in 2018.

Upon completing the period of incarceration in that case, on November 18, 2015, Defendant Haney was placed on two years of supervision. Defendant's probation was subsequently revoked after his May 2016 arrest for the Unlawful Possession of a Firearm (and related charges) in D.C. Superior Court, Case No. 2016 CF2 007680. Defendant was convicted at trial of the unlawful possession of a firearm, but, as noted above, that conviction was reversed by the D.C. Court of Appeals and is currently pending trial in D.C. Superior Court. Because that conviction was reversed, the Court reinstated the original sentence for the 2008 Assault with Intent to Kill case (undoing the revocation of his probation). Defendant's post-conviction supervision remained in effect as of the instant offense on May 11, 2021.

In addition, Defendant was charged with Distribution of a Controlled Substance – PCP in D.C. Superior Court on July 31, 2020. On September 10, 2020, the D.C. Pretrial Supervision Agency filed a report alleging that Defendant Haney violated the conditions of his pretrial release by failing to report as directed, which resulted in a loss of contact. The court scheduled an Order to Show Cause hearing on September 29, 2020. Defendant failed to attend the hearing. As a result, on September 29, 2020, the court issued a bench warrant for Defendant Haney's failure to appear, which remained open until his arrest by USMS on May 11, 2021.

Most recently, Defendant was arrested on May 28, 2021 while on conditional release in this case and charged in D.C. Superior Court with Assault and Attempted Possession of a Prohibited Weapon, for allegedly assaulting a person at the location of his home detention, during which he allegedly pointed a firearm at the victim.

The fact that Defendant Haney unlawfully possessed a firearm while on probation for a very serious and concerning 2009 conviction, coupled with his most recent charges and loss of contact with the court and PSA in his more recent 2020 case, and further compounded by the

violation of his conditional release in this case, all demonstrate that Defendant Haney cannot comply with conditions of release in the community. Therefore, this factor weighs in favor of detention pending trial in this case.

## Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by Defendant's release, also weighs in favor of detention. The charged offense involves Defendant's possession of a loaded firearm, despite being legally barred from such possession as a convicted felon, and despite being on court supervision (both on probation and on pre-trial supervision). The firearm that the defendant possessed had the potential to cause serious bodily injury (or death) to members of the community, law enforcement, or to the defendant himself. Indeed, Defendant did not reveal to the Marshals upon his arrest that he possessed a concealed and loaded firearm in his waistband, which caused a potentially a dangerous situation for both law enforcement and the defendant.

Moreover, the defendant's May 28, 2021 arrest involved his alleged assault of another person, right before which the defendant allegedly pointed a handgun at the victim. Although MPD did not recover a firearm at the scene, this incident is very concerning given the defendant's criminal history, the charge in this case, and the fact that the incident occurred only one week after the defendant was on conditional release in HISP and subject to home detention at the very same location as the incident. The defendant's criminal history, history of non-compliance on supervision, and now, his possession of a loaded firearm and subsequent rearrest while on conditional release, overwhelmingly demonstrate that he is a danger to the community. This factor, as with the three prior factors, weighs in favor of the defendant being held without bond pending trial.

9

## **There are No Condition or Combination of Conditions that Would Ensure Defendant Haney's Appearance or Compliance with Court-Ordered Release Conditions**

At the time of the instant offense, Defendant Haney was in violation of the terms of his probation and pre-trial release (a warrant had been issued for his arrest). The recent offense conduct – the possession of a loaded firearm – is particularly concerning given Defendant's 2009 conviction. The fact that Defendant Haney obtained a loaded firearm further rebuts any argument that he could be released in the community and be expected to comply with any release conditions.

In addition, Defendant Haney also violated the terms of his conditional release in this case within one week after his release. The May 28, 2021 incident occurred at the location that the defendant was released to for HISP and home detention, and the victim reported that Defendant Haney allegedly threatened him with a firearm.

The defendant's inability to comply with the terms of his probation and pre-trial release strongly supports the government's argument that he would continue circumvent the Court's efforts to reasonably control his behavior through conditions of release and keep the community safe.

## **Conclusion**

The Court should grant the government's motion to revoke Defendant Haney's conditional release and to detain Defendant Haney pending trial because he has demonstrated that he is a danger to the community, as well as a risk of flight.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney

By:      /s/ Thomas G. Strong
Thomas G. Strong
NY Bar No. 4958658
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
Phone:   (202) 252-7063
Email:   thomas.strong@usdoj.gov

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a copy of the foregoing to be served upon counsel of record via the Electronic Case Filing (ECF) system on June 7, 2021.


By:      */s/ Thomas G. Strong*
         Thomas G. Strong
         NY Bar No. 4958658
         Assistant United States Attorney
         Federal Major Crimes Section
         555 4th Street, N.W.
         Washington, DC 20530
         Phone:   (202) 294-2403
         Email:   thomas.strong@usdoj.gov