UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 21-CR-359 (DLF) |
| | : |
| TRAVIS DELONTE HANEY, | : |
| | : |
| Defendant. | : |

**GOVERNMENT'S MEMORANDUM REGARDING THE MODIFICATION
OF DEFENDANT'S CONDITIONS OF RELEASE**[1]

On May 14, 2021, a federal grand jury returned an Indictment charging Defendant Travis Haney with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), stemming from his unlawful possession of a handgun and ammunition on May 11, 2021. An Arrest Warrant was also issued and the defendant was arrested on the warrant related to the District Court indictment on May 19, 2021.

On May 21, 2021, Judge Meriweather entered an Order Setting Conditions of Release for the defendant in this case. [ECF No. 12.] The defendant was thereby released on a Personal Recognizance Bond into the High Intensity Supervision Program ("HISP") with home detention utilizing GPS monitoring. The Order specified that the defendant must not "violate federal, state, or local law while on release," "possess a firearm," and other conditions of release.

On May 28, 2021, one week after the defendant's conditional release in this case, the defendant was arrested by the Metropolitan Police Department (MPD) for threatening another

---

[1] The government hereby seeks to withdraw its Memorandum in Support of Motion to Revoke Conditional Release Order pursuant to 18 U.S.C. § 3142(f)(1)(E) filed on June 7, 2021 [ECF No. 16].

person with a firearm, and then physically assaulting that person, at the same residence as the defendant's home detention in this case. On May 29, 2021, the defendant was charged by Information in D.C. Superior Court with Assault, in violation of 22 D.C. Code § 404, and Attempted Possession of a Prohibited Weapon, in violation of 22 D.C. Code §§ 4514(b) and 1803 (Case No. 2021 DVM 583). The defendant was detained at presentment on May 29, 2021, pursuant to 23 D.C. Code § 1322(a)(1)(A). The next status conference in that case is currently scheduled for June 15, 2021.

As a result of that re-arrest, the Pretrial Services Agency for the District of Columbia filed a Pretrial Violation Report in this case on June 2, 2021 [ECF No. 13]. Based on the defendant's detention status in Case No. 2021 DVM 583, the report noted that the defendant is no longer eligible for HISP and required that he be removed from supervision.

At the June 4, 2021, status hearing for this case, the government indicated that it was moving to revoke the defendant's order of release for violation of a release condition, pursuant to 18 U.S.C. § 3148. The Court set a briefing schedule and scheduled a motion hearing for June 10, 2021.

The government has undertaken a review of the records and circumstances pertaining to the defendant's May 28, 2021 arrest, to include at least 16 body-worn camera videos from MPD officers totaling more than 12 hours of total footage, as well as numerous reports from responding officers and investigators. The circumstances of the incident are complex. Although the government is very concerned about the defendant's involvement in this incident, the government's review of the incident is ongoing. The record potentially involves multiple statements given by the complainant and a witness/complainant to multiple officers. As a result, the government does not currently intend to submit evidence to the Court in order to demonstrate

there is probable cause to believe that the defendant committed a Federal, State, or local crime while on release, pursuant to 18 U.S.C. § 3148(b)(1)(A), and the government will no longer seek the revocation of the defendant's conditional release pursuant to Section 3148(b) due to the defendant's May 28, 2021 arrest at this juncture.[2]

However, in body-worn camera footage that has been reviewed to-date, it appears that during his arrest, a barring notice was issued by the D.C. Housing Authority. In light of that barring notice, it appears that the defendant cannot return to the location that had previously been approved by Pretrial Services, as part of his conditions of release in this case. Although the government had previously consented to the defendant's release in this case with conditions, such release was subject to the defendant having a residence where he could reside on home confinement that meets the requirements set forth by Pretrial Services. The government would also note that it appears that the defendant was in possession of marijuana at the time of his re-arrest. The government would request that the Court impose additional conditions requiring that the defendant not possess or use any controlled substances as a term of his supervision.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney

By:   */s/ Thomas G. Strong*
      Thomas G. Strong
      NY Bar No. 4958658
      Assistant United States Attorney
      555 4th Street, N.W.
      Washington, DC 20530
      Phone:  (202) 252-7063
      Email:  thomas.strong@usdoj.gov

---

[2] The Court asked the parties to provide notice regarding whether they will call any witnesses for the June 10, 2021, detention hearing. As the government no longer intends to proceed in moving for revocation under 18 U.S.C. § 3148 at this time, the government will not be calling any witnesses to testify on June 10.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing to be served upon counsel of record via the Electronic Case Filing (ECF) system on June 9, 2021.


By:    */s/ Thomas G. Strong*
        Thomas G. Strong
        Assistant United States Attorney