IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** * | |
| * | |
| v.  * | Case No. 1:21-cr-00359-DLF |
| * | |
| **TRAVIS DELONTE HANEY,**  * | |
| **Defendant**  * | |
| * | |

ooOoo

**RESPONSE IN SUPPORT OF CONTINUED PRETRIAL RELEASE
AND IN OPPOSITION TO A REVOCATION HEARING**

**INTRODUCTION**

At this time, there is no adequate basis, as a matter of law or fact, for reconsidering Mr. Haney's pretrial release. The charges that led this Court to issue a warrant pursuant to 18 U.S.C. § 3148(b) have been dismissed by the United States. A charge that Mr. Haney tampered with his electronic bracelet has also been dismissed by the United States. The allegation that Mr. Haney has not complied with a gun offender registration requirement since September 2020 is also not well founded.

**PROCEDURAL HISTORY**

The Court directed the parties to address whether a the release determination should be reopened pursuant to 18 U.S.C. § 3148 based on:

(a) the new charges that the defendant faces in Superior Court, or

(b) the new information provided by Pretrial Services regarding the defendant's prior noncompliance with release conditions, or

 (c) a combination of the two, justify reopening the initial detention determination under 18 U.S.C. § 3142(f)

Minute Order, 6/10/2021.

**FACTUAL BACKGROUND**

A.  **Felon-In-Possession Case**

On May 14, 2021, Mr. Haney was charged by Indictment in this case with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).[1]  On June 9, 2021, a superseding Indictment was returned charging Mr. Haney with possession of a firearm while under felony indictment in violation of 18 U.S.C. § 922(n) and a D.C. code violation for possession of a firearm without a license.  All three charges relate to the same firearm.

B.  **The United States Consented to Pretrial Release**

On May 21, 2021, at the detention hearing, after reviewing Mr. Hanye's record, the Government withdrew its initial request seeking Mr. Haney's detention.  Thus, Magistrate Judge Meriweather released Mr. Haney into the High Intensity Supervision Program ("HISP") with electronic monitoring.  *See* Order Setting Conditions of Release (ECF 12).

C.  **The Recent Superior Court Charges Have Been Dismissed and the Government is Not Seeking Revocation Pursuant to 18 U.S.C. § 3148**

On May 28, 2021, Mr. Haney was charged in Superior Court with two misdemeanor charges for assault and attempted possession of a weapon.  As a result, the Pretrial Services Officer filed a Violation Notice on June 2, 2021 (ECF 13.).  The Government is not seeking to revoke Mr. Haney's pretrial release pursuant to Section 3148(b) on the basis of the arrest.  Government's Memorandum Regarding the Modification of Defendant's Conditions of Release (ECF 17) at 2-3.  Indeed, on June 15, 2021, the United States dismissed the charges in Superior Court.

---

[1] Mr. Haney was originally charged for the same conduct in Superior Court on May 12, 2021, Case No. 2021 CF2 002655 and released pretrial.  The Government has indicated that it will dismiss the Superior Court charge in light of the instant indictment.

In deciding not to seek revocation or present evidence of the allegations, the Government reviewed "16 body-worn camera videos from MPD officers totaling more than 12 hours of total footage, as well as numerous reports from responding officers and investigators" and "multiple statements given by the complainant and a witness/complainant to multiple officers." *Id.* at 2. The Gerstein affidavit for the arrest reflects that the witness/complainant indicated that Mr. Haney had had only stepped in to defend her from an assault by a another man, who had a history of domestic abuse against her.[2]  The man, who had arrived at her apartment to pick up their child, entered the apartment without permission after she had told him to wait outside.  Once inside, when she told him that he was not allowed in her home, he proceeded to argue with her.  With her toddler son in her arms, the man begin to choke her and assault her.  Mr. Haney who had been upstairs when the incident began, stepped in to protect her from the attack.  No weapon was found by law enforcement during a contemporaneous search.  Gerstein Affidavit at 2.

### D. The Allegations That Mr. Haney Failed to Comply With Conditions of Release While on Supervision Are Unfounded

As an initial matter, a number of the allegations regarding Mr. Haney's noncompliance with conditions are inaccurate due to the fact that when his prior convictions have been vacated the appellate decisions have not been properly taken into account in a timely fashion by CSOSA.  On three separate occasions, the Court of Appeals has reversed his convictions and vacated the sentences.[3]  With each reversal, the modifications have not been adequately recorded by CSOSA.

---

[2] Gerstein Affidavit at 1-2 (ECF 16-5).

[3] *See Haney v. United States*, 206 A.3d 854 (D.C., 2019) (vacating 2016 conviction for *Batson* violation); *Haney v. United States*, 120 A.3d 608 (D.C. 2015) (vacating 2008 conviction for ineffective assistance of counsel); *United States v. Haney*, 41 A.3d 1227 (D.C. 2012) (vacating one of the 2008 gun charges because single firearm could not give rise to multiple gun charges).

### 1.     Mr. Haney Did Not Tamper With His Electronic Bracelet

The allegation that Mr. Haney has in the past tampered with his electronic monitoring ankle bracelet is inaccurate. The Gerstein Affidavit relating to that allegation states that the battery on the ankle bracelet died and remained uncharged on August 17, 2020; there is no allegation that on Mr. Haney tampered with the ankle bracelet. *See* Case No. 2020CRW 4194, Gerstein Affidavit. Moreover, a criminal charge pending in Superior Court in connection with that allegation has been dismissed by the United States.[4]

Notably, Mr. Haney was not subject to a valid term of supervised release at the time. The ankle bracelet allegedly was placed on Mr. Haney as a condition of supervised release in connection with the sentence imposed on June 9, 2017. *Id.* at 1. The June 9, 2017 sentence was imposed when probation in the 2008 case was revoked based on a conviction in Case No. 2016-CF2-7680.[5] However, that 2016 conviction was vacated by the Court of Appeals in 2019. *See Haney v. United States*, 206 A.3d 854 (D.C. 2019). Thus, the term of supervised release should also have would also have been vacated.

---

[4] Case No. 2021-CMD-002656 – "GPS Tampering (Failure to Charge)" was *nol prossed* on 5/12/2021.

[5] The sequence of events for is set out in the Order Granting Motion, Superior Court Case No. 2008 CF3 5789, entered 10/19/2020, filed as an attachment to the Government's Memorandum in Support of Motion to Revoke Conditional Release Order (ECF 16-8).

### 2. Mr. Haney Was Not Ordered to Register as A Gun Offender

When Mr. Haney's 2008 sentence was most recently modified to account for the decision in *Haney v. United States*, 206 A.3d 854 (D.C. 2019), the Court did not order him to register as a gun offender. *See* Order Granting Motion, No. 2008-CF3- 5789, entered 10/19/2020 (ECF 16-8).  Thus, the allegation that he is in "non-compliance" with that requirement since 2020 is not accurate.[6]

---

[6] In pertinent part, the docket in Case No. No. 2008-CF3- 5789 is as follows (emphasis added):

| | |
|---|---|
| 1/5/2010 - | Sentence imposed after guilty verdict; **Gun Registry Order filed** |
| 7/23/2015 - | Conviction vacated, *US v. Haney*, 120 A.3d 608 (D.C. 2015) |
| 11/8/2015 - | C-plea and Judgment: |
| • | 180-month sentence - suspended; |
| • | 5-years supervised release; |
| • | 2-years probation |
| • | **Gun Registry Order Filed** |
| 5/24/2016 - | Govt filed motion for Probation Show Cause Hearing alleging re-arrest |
| 6/9/2016 - | Show cause Order issued |
| 1/24/2017 - | Conviction in 2016 CF2 7680 |
| 5/3/2017 - | Probation revoked in 2008 case, based on conviction in 2016 CF2 7680 |
| 6/9/2017 - | Re-sentenced in 2008 case |
| • | 120 months prison, credit for time-served |
| • | 5-years Supervised release |
| 4/25/2019 - | Conviction vacated in No. 2016 CF2 7680 per *US v Haney*, 206 A3d 854 (D.C. Cir. 2019) |
| 8/29/2019 - | Released from BOP per BOP website |
| 9/16/2020 - | Haney motion to Vacate Judgment in 2008 case |
| 10/15/2020 - | Govt did not oppose |
| 10/19/2020 - | Order: |
| • | Granting motion to vacate 6/9/2017 sentence |
| • | 2-years supervised probation reinstated |

### E.     Mr. Haney Has Complied With Conditions of Release

There is not a single instance where Mr. Haney has been found by the Superior Court to have violated the conditions of pretrial release. Indeed, Mr. Haney complied with a number of conditions imposed on him including attending various programs which he was directed to attend while on supervised release.

### F.     The Public Housing Bar Was Not Properly Issued And Should Not Bar Mr. Haney's Pretrial Release

Mr. Haney has appealed the barring notice filed by the DC Housing Authority. The barring notice issued on May 28, 2021, was the product of an arrest that was based on unfounded allegations. After reviewing the facts related to the arrest, the United States Attorney's Office for the District of Columbia dismissed all the charges against Mr. Haney. There are also significant procedural irregularities with its issuance including that the Notice fails to state the basis for the barring as required by D.C. Municipal Regulations. *See* 14 § 9600.7(b). And, while the Order states that it was personally served on Mr. Haney, it apears that is not correct as Mr. Haney was in custody of the Metropolitan Police Department at the time that it is alleged he was served with the Notice.

## LEGAL ARGUMENT

### A.     Section 3148(b) Does Not Authorize a District Court to Initiate a Revocation *Sua Sponte*

By its terms, 18 U.S.C. § 3148(b) authorizes a federal prosecutor to "initiate a proceeding for revocation of an order of release." It does not authorize a judge to do so *sua sponte*.

> A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section.

18 U.S.C. § 3148(b). At the same time, § 3148(c) empowers a judicial officer "to commence a prosecution for contempt" for such violation. However, § 3148(c) and by reference 18 U.S.C. § 401 requires a higher burden of proof and incorporates different elements of proof. Thus, Congress well knows how to bestow authority for different functions on different parties in 18 U.S.C. § 3148

Research did not disclose any cases in this District or Circuit addressing the issue. The only reported case that considered the issue found that the statutory language is clear that only a prosecutor is empowered to initiate revocation proceedings under § 1348. *See United States v. Herrera*, 29 F.Supp.2d 756 (N.D. Tex. 1998).[7] As the Herrera Court found, a district court and federal prosecutors may receive input from a Pretrial Services Officer in carrying out their functions but only a federal prosecutor may initiate a revocation proceeding.

### B. The Court Should Not Consider Information that Was Known to the Government When It Decided Not to Seek Detention

As argued by Mr. Haney in his Response in Opposition to Government's Motion To Revoke Pretrial Release at 2-4 (ECF 18), the Court should not consider information that was known to the Government when it decided not to seek detention on two prior occasions.

---

[7] Two unreported cases have held that district courts may initiate revocation proceedings *sua sponte*. *See United States v. Koerber*, 2019 WL 3937024 (D.Utah 2019); *United States v. King*, 2008 WL 11429360 (N.D. W.Va. 2008); *United States v. Roland,* 2005 WL 2318866 (E.D.Va.,2005).

## CONCLUSION

For all these reasons, Mr. Haney respectfully requests that the Court continue Mr. Haney on the same conditions of pretrial release. He has not violated any of the conditions previously set by the Court. And, there are no new allegations that support a reopening of the detention hearing.

Respectfully submitted,

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391
chernan7@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that the instant Memorandum was served on all counsel of record 28th day of June, 2021 on all counsel of record via ECF.

/s/ *Carmen D. Hernandez*
**Carmen D. Hernandez**