**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 21-cr-359 (DLF)** |
| | **:** | |
| **TRAVIS HANEY,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING FOR THE
<u>VIOLATION HEARING</u>**

The United States of America, through the U.S. Attorney for the District of Columbia, hereby submits its memorandum in aid of sentencing for the violation hearing. For the reasons herein, the United States requests that the Court sentence defendant to a period of 14 months of incarceration for all five violations and that the sentence run concurrent to the Superior Court sentence in 2024 CF1 9678. Defendant has no objection to the government's sentencing recommendation. As such the Government reports as follows:

1) On August 9, 2024, probation filed three violations[1] against defendant for not complying with his conditions of release. ECF 73 (First Violation Report) at 2.

2) On August 22, 2024, an arrest warrant was executed for the three violations, and defendant was held. ECF 74.

3) On September 30, 2024, probation filed two additional violations[2] after defendant stabbed his cellmate. ECF 75 (Second Violation Report) at 2.

---

[1] Violation 1: You must not unlawfully possess a controlled substance. You must refrain form any unlawful use of a controlled substance. (Mandatory Condition). ECF 73 (First Violation Report) at 2.
  Violation 2: You must follow the instructions of the probation officer related to the condition of supervision. *Id.*
  Violation 3: You must participate in an inpatient and/or outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program. *Id.*
[2] Violation 4: You must not commit another federal, state or local crime. (Mandatory Condition). ECF 75 (Second Violation Report) at 2.
  Violation 5: You must not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon. *Id.*

4) On November 19, 2025, defendant was indicted for the jail stabbing in 2024 CF1 9678 on 1) Aggravated Assault 2) Assault With A Dangerous Weapon 3) Unlawful Possession of Contraband into a Penal Institution and 4) Possession of a Prohibited Weapon.

5) On December 11, 2025, defendant was arraigned and was held in 2024 CF1 9678.

6) On February 20, 2026, defendant pled guilty to one count of Assault With Significant Bodily Injury in violation of 22 D.C. Code, Section 404(a)(2) and Unlawful Possession of Contraband in violation of 22 D.C. Code, Section 2603.02 in 2024 CF1 9678. As part the global plea agreement in Superior Court, the government "reserves it allocution, but agrees to request that re-sentencing in 21:CR:359 run concurrently with the sentence given in 2024 CF1 009678." Exhibit A: Plea Agreement at 2.

7) On May 1, 2026, defendant was sentenced to a total of 24 months of incarceration followed by 3 years of supervised release on both counts in the Superior Court matter.

8) Defendant's guidelines in the instant matter are 8-14 months. ECF 99 (Probation Sentencing Recommendation) at 1.

For the foregoing reasons, and consistent with the global plea agreement in Superior Court, the government is requesting that defendant be sentenced to a period of 14 months and it run concurrently with the Superior Court matter.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


/s/ Shehzad Akhtar
Shehzad Akhtar
DC Bar No. 493635
Assistant United States Attorney

601 D Street NW
Washington, D.C. 20530

# EXHIBIT A



U.S. Department of Justice

Jeanine Ferris Pirro
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

**February 19, 2026**

**Carrie Weletz, Esq.**

Re:     <u>United States v. **Travis Haney**</u>
         Case No. 2024 CF1 009678

Dear Counsel:

This agreement sets forth the full and complete plea offer for your client, from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will remain open until **this case is set for trial or your client refuses to toll.** However, the Government reserves the right to revoke this plea offer at any time before your client enters a guilty plea in this case. If your client accepts the terms and conditions set forth below, please have your client execute this document in the space provided below. Upon receipt of the executed document, this agreement will become the plea agreement between your client and the Government. The terms of the offer are as follows:

1.      Your client agrees to admit guilt and enter a plea of guilty to the following offenses:

      a.  **Assault with Significant Bodily Injury** in violation of **22 D.C. Code, Section 404(a)(2).** Your client understands that the offense of **Assault with Significant Bodily Injury** carries a potential maximum penalty of **3 years'** imprisonment and/or a **$12,500** fine.

      b.  **Unlawful Possession of Contraband** in violation of **22 D.C. Code, Section 2603.02.** Your client understands that the offense of Unlawful Possession of Contraband carries a potential maximum penalty of 10 years of imprisonment and/or a Possession of a Prohibited Weapon carries a potential **maximum penalty of 10 years of imprisonment and/or a $25,000 fine.**

2.      Your client further understands that the Court shall impose a term of supervised release of not **more** than **3** years. Your client understands that, pursuant to 16 D.C. Code § 711, the Court may, in addition to any other sentence imposed as a condition of probation or as a sentence itself, require your client to make reasonable restitution or reparation, pursuant to the factors set forth therein.

3.      <u>**Your client also agrees as a part of this plea agreement to concede that he has violated his probation in Case No. 21:CR:359 (CR21-000359).**</u>

4.      Your client understands that the Government will **reserve stepback pending sentencing, will waive any sentencing enhancement papers,** and will **reserve allocution at sentencing, subject to the terms set forth in Paragraph 7 of this agreement.**

5.      Your client understands that the Government agrees that it will not seek indictment on any remaining or greater charges arising from the facts in this case, and will dismiss any remaining charges.

6.      The parties further agree that your client, after taking an oath to tell the truth, shall agree to the attached factual proffer in open court on the date of the plea and acknowledge under oath that the statements in the factual proffer are true.

7.      Your client understands that the Court may utilize the District of Columbia Sentencing Commission's Voluntary Sentencing Guidelines in imposing the sentence in this case. **The Government reserves its allocution, but agrees to request that re-sentencing in 21:CR:359 run concurrently with the sentence given in 2024 CF1 009678.** The Government and your client agree that neither party will seek an upward or downward departure outside of your client's applicable guidelines range, unless the specific basis for such a departure is identified and is set forth in this agreement. Your client further understands that the applicable guidelines range will not be determined by the Court until the time of sentencing.

8.      Your client agrees that this agreement is binding on the Government and the defendant, but not binding on the Court, and that your client cannot withdraw this plea at a later date because of the harshness of any sentence imposed by the Court. The Government understands that your client is not bound by the Government's allocution, and may request a lesser sentence, subject to the terms set forth in Paragraph 5, above.

9.      Your client acknowledges and has been made aware that pursuant to the Innocence Protection Act, that there may be physical evidence which was seized from the victim, crime scene or from your client or from some other source that can be tied to your client and that could contain probative biological material. Your client understands and agrees that in order to plead guilty in this case, your client must waive and give up DNA testing in this case and must execute the attached written waiver of DNA testing. Your client further understands that should your client waive and give up DNA testing now, it is not expected that your client will have another opportunity to have the DNA tested in this case.

10.     Your client also agrees that if any illegal firearms or illegal contraband were seized by any law enforcement agency from the possession of or the direct or indirect control of your client, then your client consents to the administrative forfeiture, official use and/or destruction of said firearms or contraband by any law enforcement agency involved in the seizure of these items.

11.     In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute. Your client knowingly and voluntarily waives or gives up his right against self-incrimination with respect to the offense(s) to which your client is pleading guilty before the Court which accepts your client's plea. Your client also understands that by pleading guilty your client is waiving or giving up your client's right to be tried by a jury or by a judge sitting without a jury, the right to be assisted by an attorney at trial and the right to confront and cross-examine witnesses.

2

12.    Your client agrees to waive, insofar as such waiver is permitted by law, the right to direct appeal the conviction in this case, including but not limited to claim(s) that (1) the statute(s) to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute(s). Your client also agrees to waive the right to appeal the sentence in this case, including but not limited to any term of imprisonment, fine, forfeiture, award of restitution, term or condition of supervised release, authority of the Court to set conditions of release, except to the extent the Court imposes an illegal sentence, or imposes the sentence in an illegal manner. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, your client retains the right to appeal on the basis of ineffective assistance of counsel or the imposition of an illegal sentence, or a sentence imposed in an illegal manner, but not to raise on appeal other issues regarding the conviction or sentence.

13.    This agreement sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

Respectfully,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:    _/s/ William Kirk Gandy_____
WILLIAM KIRK GANDY
ASSISTANT U.S. ATTORNEY

3

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and factual proffer and have discussed it with my attorney. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound, and no threats have been made to me. I am not under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offenses set forth herein.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 2|20|26

**Travis Haney**
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement.

Date: 2|20|26

**Carrie Weletz, Esq.**
Attorney for Defendant

4

## PROFFER OF FACTS

Had this case gone to trial, the Government would have proven beyond a reasonable doubt that on or about September 25, 2024, the Defendant, Travis Haney, in a menacing manner and intentionally, knowingly, and recklessly caused significant bodily injury to Arltravon Gibson with a sharp object, while both were in their cell at the Department of Corrections located at or near 1901 D Street, SE, Washington, DC. Specifically, around 10:24 pm, Mr. Gibson stuck his hands out through the food slot of his cell door to get the attention of the guards. Once the guards open the cell door, Mr. Gibson is seen with 12 stab wounds and the Defendant had no visible injuries. This assault caused significant injuries to the victim, which required hospitalization. The Defendant used a prison shank to attack Mr. Gibson. This shank was contraband (class A), which the Defendant possessed in a penal institution.

In both instances, the Defendant's actions were voluntary, on purpose, and not the product of mistake or accident. There was no legal justification for the defendant's actions.

## DEFENDANT'S ACKNOWLEDGMENT

I have read and discussed the Government's Proffer of Facts with my attorney. I agree and acknowledge by my signature that this Proffer of Facts is true and correct.

Date: ___2\20\26___

Date: ___2\20\26___

**Travis Haney**
Defendant

**Carrie Weletz, Esq.**
Attorney for Defendant

5